## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 97-CA-00639-SCT

*OTTAWA CARTER*

*v.*

*STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, MISSISSIPPI STATE PERSONNEL BOARD, AND JOHN T. HALTOM, WILLIAM H. SMITH, III, JOHN W. WHITTEN, III (OR THEIR SUCCESSORS IN OFFICE) IN THEIR OFFICIAL CAPACITIES*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/97 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY T. VANCE |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JANE LANIER MAPP |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION | AFFIRMED - 9/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/8/98 |

**BEFORE PRATHER, C.J., BANKS AND WALLER, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This appeal questions whether the trial court properly dismissed, with prejudice, appellant's Complaint for Declaratory Relief for failure to comply with the statute of limitations governing appeals to the Mississippi Employee Appeals Board. We conclude that the court did not err in dismissing the complaint as time-barred and affirm the dismissal.

### I.

¶2. Plaintiff/Appellant Ottawa Carter was employed by the Mississippi Department of Corrections (MDOC) as a correctional officer from approximately 1973 until sometime in 1982. Carter's employment was terminated in 1982 after he was indicted for murder and held without bond in the Quitman County Jail.[1] Carter did not appeal this termination. Carter was eventually convicted, but his conviction was reversed and rendered on appeal to the Mississippi Supreme Court and he was

discharged. *See **Carter v. State,*** 441 So. 2d 112 (Miss. 1983). After his conviction was overturned, Carter applied for redeployment with MDOC.

¶3. In 1981, the Mississippi Legislature had passed the Law Enforcement Training Act. Miss. Code Ann. §§ 45-6-1 *et. seq.* (1993). This act established training and certification requirements for law enforcement officials. Miss. Code Ann. § 45-6-11 (1993). Pursuant to its "grandfather" clause, the act specifically exempts from its requirements those officers serving permanent appointments on the date that certain provisions of the act became effective, July 1, 1981. Miss. Code Ann. § 45-6-11(1) (1993).

¶4. In December of 1983, Carter was rehired by MDOC. Rather than being "grandfathered" in under the exemption provisions of the act, Carter was rehired as a probationary employee and was required to attend a law enforcement officer's training program. Carter failed to meet the minimum standards of the training academy and was subsequently terminated by MDOC.

¶5. Carter appealed this termination to the Mississippi Employee Appeals Board. On March 5, 1985, the hearing officer dismissed Carter's appeal for lack of jurisdiction. On September 11, 1985, the entire Appeals Board entered an *en banc* order affirming the decision of the hearing officer. The Board based its decision on two grounds. First, the Board remarked that the grandfather provisions of the act did not apply to Carter because he was not employed on July 1, 1981, the date the act became effective. Second, the Board observed that "normal re-employment practices of the State of Mississippi are such that a period of time in excess of a year is not a 'continued employment' but a re-employment, and seniority, etcetera is lost." The Board considered that to be the case with Carter.

¶6. On June 17, 1996, Carter filed a Complaint for Declaratory Relief in the Circuit Court of Hinds County pursuant to Miss. Code Ann. §§ 25-9-131 and 25-9-132. The defendants filed an answer on July 11, 1996. On October 10, 1996, Carter filed a motion to amend his complaint. A hearing was held telephonically on March 17, 1997. By order dated May 5, 1997, the court denied the motion to amend, citing the statute of limitations and the fact that allowing amendment to the complaint after more than eleven years would legally prejudice the defendants. The court also found:

> Further, the Court, having fully examined the pleadings and listened to the arguments of counsel finds that the entire Complaint should be dismissed pursuant to the statute of limitations and the interest of the Court in finality of litigation. The Court does not feel that Declaratory Judgment is applicable in this instance and that the Plaintiff has failed to state a claim.

On May 12, 1997, Carter filed a Notice of Appeal from this judgment.

## II.

¶7. While Carter nominally raises six assignments of error, the dispositive issue in this case is whether the lower court properly dismissed his appeal for failing to comply with the appropriate statute of limitations. Carter's argument against applying the statute of limitations is unclear. He argues that before he could seek relief in a court he was required to exhaust his administrative remedies. Carter contends, however, that "if he was *not a probationary* employee, but one with grandfather status, the decision of the Appeals Board was an error; he has never had access to his administrative remedy and thus when the statute of limitations would begin to run is in issue."

¶8. Carter apparently argues that because the Appeals Board misconstrued his status as an employee deserving of grandfather status under the Law Enforcement Training Act, *see* Miss. Code Ann. § 45-6-11(1) (Miss. 1993), he was never given access to his appropriate administrative remedy.[2] According to Carter, the statute did not begin to run "until his administrative remedies had been properly exhausted."

¶9. Such an "argument" warrants little discussion. As the defendants point out, Carter in fact did appeal his termination to the Employee Appeals Board, which rendered a final ruling that Carter was a probationary employee and as such had no right to appeal his termination. It is this very decision that Carter should have appealed to the circuit court under Miss. Code Ann. § 25-9-132(1) (1991), which provides that an employee has thirty (30) days to appeal a final decision of the Board. *See also* *Wright v. White,* 693 So. 2d 898, 901 (Miss. 1997). The Board's decision in the present case was issued on September 11, 1985. Carter waited over ten years to file his complaint in the circuit court, and has offered no convincing reason why the statute should be tolled.

¶10. Even if the general statute of limitations were used, Carter would have had to file a complaint within three (3) years. *See* Miss. Code Ann. § 15-1-49(1) (1995). The complaint at issue here failed to meet even this generous time frame. Accordingly, the lower court correctly dismissed Carter's complaint pursuant to the statute of limitations.

### III.

¶11. The fact that Carter waited more than ten years to file his suit in circuit court renders the remainder of his assignments of error moot. Carter's complaint may indeed have raised issues appropriate for a declaratory judgment action. He may have been able to successfully argue that the lower court should have granted his motion to amend his complaint, and that such an amendment would not have prejudiced the defendants. Carter may have been able to convince this Court that his complaint stated a valid claim. All of these claims, however, presuppose that the suit is timely filed. As already discussed, Carter's appeal of the Board's decision is ten years late.

### IV.

¶12. For the foregoing reasons, the judgment of the circuit court is affirmed.

¶13. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. Carter was indicted in March of 1982. The record is not clear exactly how long after this that his employment with MDOC was terminated.

2. While the defendants in this case contend that the act was passed while Carter was not employed at MDOC, and Carter himself admits to this in his original complaint as well as in his proposed amended complaint, the record seems to reveal that Carter was working on July 1, 1981 when the

relevant portions of the act became effective. Thus, had Carter timely filed an appeal he may have successfully argued that the first ground upon which the Board based its decision was erroneous.